Mr. Justice CLIFFORD,
with whom concurred Mr. Justice SWAYNE, dissenting:
I dissent from so much of the opinion of the court as denies the jurisdiction of this court to determine the whole case, where it appears that' the record presents a Federal question and that the Federal question was erroneously decided to the prejudice of the plaintiff in error; as in that *639 state of the record it is, in my judgment, the duty of this court, under the recent act of Congress, to decide the whole merits of the controversy, and to affirm or reverse the judgment of the State court. Tested by the new law it would seem that it must be so, as this court cannot in that state of the record dismiss the writ of error, nor can the court reverse the judgment without deciding every question which the record presents.
Where the Federal question is rightly decided the judgment of the State court may be affirmed, upon the ground that the jurisdiction does not attach to the other questions involved in'the merits of the controversy; but where the Federal question is erroneously decided the whole merits must be decided by this-court, else'the new law, which it is admitted repeals the twenty-fifth section of the Judiciary Act, is without meaning, operation, or effect, except to repeal the prior law.
Sufficient proof of the fact that the new law was not intended to’be without meaning and Effective operation' is found in the fact that the provision hi the old law which restricts the right of the plaintiff in erro.r or appellant to assign for error any matter except such as respects one of the Federal questions enumerated in the twenty-fifth section of the Judiciary' Act, is wholly omitted in the new law.